```
                    United States District Court
                     District of Massachusetts
_____
                              )
WESTERN WORLD INSURANCE COMPANY,)
INC.,                         )
        Plaintiff,            )
                              )   Civil Action No.
        v.                    )   10-10170-NMG
                              )
JAMES CZECH and WILLIAMS      )
BUILDING COMPANY, INC.,       )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In this declaratory judgment action, plaintiff seeks a declaration that it has no obligation under an insurance policy to defend or indemnify the defendants in an underlying state court action. One defendant has counterclaimed for the opposite result and pending before the Court is plaintiff's motion to dismiss that counterclaim.

## I. Factual Background

Plaintiff Western World Insurance Company, Inc. ("Western World"), a New Hampshire corporation with its principal place of business in New Jersey, brings suit for a declaratory judgment against defendants James Czech ("Czech"), a Massachusetts resident, and Williams Building Company, Inc. ("Williams"), a Massachusetts corporation with its principal place of business in Massachusetts.

Western World issued Commercial General Liability Policy No. NPP1156765 to Czech for the policy period of January 18, 2008, to January 18, 2009 ("the Policy"). By virtue of an Additional Insured Endorsement, Williams is named as an additional insured on the Policy.

In May, 2009, Greg Straughn ("Straughn") filed a complaint in the Massachusetts Superior Court Department for Barnstable County against Williams, docketed as <u>Straughn</u> v. <u>Williams Building Company, Inc.</u>, Civil Action No. 2009-356 ("the underlying action"). In the underlying action, Straughn alleged that 1) he was employed by Czech, a subcontractor, at the construction site of the Harbor View Hotel and Resort in Edgartown, Massachusetts ("the Project"), 2) he sustained serious injury after falling out of a window at the Project on January 21, 2008, and 3) Williams, as the general contractor of the Project, negligently failed to maintain reasonably safe conditions. Straughn demanded damages of approximately $97,000 for medical expenses and lost wages.

In August, 2009, Western World informed Czech by letter that it might not be obligated to defend or indemnify Williams with respect to Straughn's claims and a possible material misrepresentation on Czech's insurance application could result in the rescission of the Policy. Specifically, on the insurance application, Czech stated that he employed "0" individuals which

contradicts Straughn's allegation that he was employed by Czech on the date of the accident. Czech has failed to provide materials or documentation in response to repeated requests by Western World.

In the instant action, Western World seeks a declaratory judgment that under the Policy it is not obligated to defend or indemnify Williams with respect to the claims asserted by Straughn in the underlying action because 1) Czech breached the terms of the Policy by failing to cooperate with Western World's investigation of the underlying action (Count I) and 2) Straughn's claim for damages arises from Williams' own negligence and thus is not covered under the Additional Insured Endorsement, which affords coverage only for vicarious liability for Czech's negligence (Count III). Western World also seeks a declaratory judgment that the Policy is rescinded because Czech made a material misrepresentation in his insurance application (Count II).

In its counterclaim, Williams alleges the following additional facts:

Czech entered into a subcontract with Williams on January 14, 2008, to perform certain work at the Project ("the Subcontract"), including installing all safety rails, accessories and other safety measures required to perform the subcontractor's work. The Subcontract required Czech 1) to purchase and maintain

commercial general liability insurance which provided coverage to Williams as an additional insured and 2) defend and indemnify Williams from any claims arising out of or resulting from performance of Czech's work under the Subcontract.

A certificate of insurance was issued by Kathleen W. Kenney Incorporated Insurance Agency ("Kenney") representing that Czech had a commercial general liability insurance policy in effect which named Williams as an additional insured. By letter dated June 29, 2009, Williams timely notified Kenney of the underlying action and its claims of coverage under the Policy. Kenney forwarded that notice to Western World, which subsequently informed Williams that it would provide Williams with defense as an additional insured under the Policy. Western World has not, however, paid any amount toward Williams' defense and, instead, filed the instant action.

In its counterclaim, Williams 1) seeks a declaratory judgment that Western World is obligated to pay Williams' defense costs and legal liability, if any, arising out of the underlying action (Count I) and 2) alleges that Western World violated Mass. Gen. Laws ch. 93A ("Chapter 93A") and ch. 176D ("Chapter 176D") by engaging in unfair and deceptive trade and settlement practices (Count II).

## II. Procedural History

On February 3, 2010, Western World filed suit against defendants seeking a declaratory judgment of its obligations under the Policy (Counts I and III) and rescission of the Policy (Count II). Williams filed an answer, asserting numerous affirmative defenses, and lodged a counterclaim, seeking declaratory judgment (Count I) and alleging a violation of Chapter 93A and Chapter 176D (Count II).

Despite timely service of process, Czech has neither filed an answer nor otherwise responded to the instant suit. At plaintiff's request, the Clerk issued a Notice of Default with respect to Czech on April 21, 2010. After several months, plaintiff moved for a default judgment against Czech pursuant to Fed. R. Civ. P. 55(b)(1). The Clerk entered a default judgment against Czech on September 23, 2010 ("the Default Judgment").

In October, 2010, Western World moved to dismiss the counterclaim of Williams, the remaining defendant. Several rounds of briefing by the parties followed over the course of the next several months. The motion remains pending before the Court.

## III. Analysis

### A. Legal Standard

In order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a counterclaim must

contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the counterclaim and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the counterclaim as true and draw all reasonable inferences in the counterclaimant's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the counterclaim are sufficient to state a cause of action, a motion to dismiss must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a counterclaim, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Id. Accordingly, a counterclaim does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

**B. Application**

Pursuant to Fed. R. Civ. P. 12(b)(6), Western World moves to dismiss Williams' counterclaim on the sole ground that the Policy has been rescinded by virtue of the Default Judgment. The Default Judgment adopted as true the allegation that Czech's material misrepresentation caused the Policy to be rescinded. According to Western World, as a result of that purported rescission, the Policy is void with respect to Czech as the named insured and thus also with respect to Williams as the additional insured.

Williams opposes the motion on the grounds that 1) the Default Judgment is void pursuant to Fed. R. Civ. P. 60(b)(4) because it was improperly entered by the Clerk rather than by the Court, as required by Fed. R. Civ. P. 55(b) and 2) the Default Judgment is interlocutory rather than final in nature because Western World never sought or obtained the express determination required by Fed. R. Civ. P. 54(b).[1]

Pursuant to Fed. R. Civ. P. 55(b), if the plaintiff's claim is for a "sum certain", the Clerk may enter a default judgment but "in all other cases, the party must apply to the court for a default judgment". The Court may, <u>inter</u> <u>alia</u>, conduct hearings to "establish the truth of any allegation by evidence." Fed. R.

---

[1] Williams also asserts that because plaintiff answered the counterclaim before moving to dismiss, plaintiff's motion is actually for summary judgment. The Court need not address that issue, however, because under either standard, plaintiff's motion will be denied.

-7-

Civ. P. 55(b)(2).  Pursuant to Fed. R. Civ. P. 60(b), the Court may set aside a default judgment for enumerated reasons, including mistake, that the judgment is void or for any other reason that justifies relief.  Such a motion must be made within "a reasonable time".  Fed. R. Civ. P. 60(c).

The Court treats Williams' opposition to plaintiff's motion to dismiss as a timely motion for relief from the Default Judgment pursuant to Fed. R. Civ. P. 60(b).  Because Western World seeks a declaratory judgment that it owes no duty to defend or indemnify Williams, plaintiff's claim is not for a "sum certain" within the meaning of Fed. R. Civ. P. 55(b)(1) and thus the Clerk was not authorized to enter the Default Judgment.  See Spence v. United States, 2010 WL 4806906, *3 (E.D. Cal. Nov. 18, 2010) (finding that an action for declaratory relief is not for a "sum certain" and thus the Clerk is not empowered to enter a default judgment for declaratory relief); Northland Ins. Co. v. Cailu Title Corp., 204 F.R.D. 327, 329 (W.D. Mich. 2000) (finding plaintiff's request that the Clerk enter a default judgment may not be granted because action is for declaratory relief).  Moreover, in a multi-defendant case such as this, the Court should withhold granting a default judgment against one defendant until a decision is reached on the merits against the remaining defendant.  See Northland, 204 F.R.D. at 330 (citations omitted).

In its reply, Western World strenuously argues, for the first time, that the declaration it seeks is, in fact, a declaration that the plaintiff "owes zero" and thus is for a "sum certain". Such an argument, however, is pure sophistry. Because the Clerk erroneously entered the Default Judgment which could only have been entered in this action by the Court pursuant to Fed. R. Civ. P. 55(b)(2), the Court will vacate and void the Default Judgment pursuant to Fed. R. Civ. P. 60(b).

Furthermore, because plaintiff's motion relies entirely upon the Default Judgment, which is now determined to be void, the Court will deny plaintiff's motion to dismiss the counterclaim.

## ORDER

In accordance with the foregoing,

1) plaintiff's motion to dismiss the counterclaim of defendant Williams (Docket No. 21) is **DENIED**;

2) defendant Williams' opposition to the motion (Docket No. 24), treated as a Fed. R. Civ. P. 60(b) motion for relief from the Default Judgment, is **ALLOWED**; and

3) the Default Judgment entered against defendant Czech on September 23, 2010 (Docket No. 18) is hereby **VACATED**.

**So ordered.**

                                              /s/ Nathaniel M. Gorton  
                                              Nathaniel M. Gorton  
                                              United States District Judge

Dated June 15, 2011